IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DEAUNGELO SAVAGE<br>    2105 Greenwood Dr.<br>    Waldorf, MD 20601<br><br>    Plaintiff | * | |
| vs. | * | Case No.: 8:17-cv-02392-PWG |
| SHAWN CATHCART #168<br>    23150 Leonard Hall Dr.<br>    Leonardtown, MD 20650<br><br>    Defendant | * | |
| GLEN KNOTT #234<br>    23150 Leonard Hall Dr.<br>    Leonardtown, MD 20650<br><br>    Defendant | * | |
| and | | |
| RACHEL ROSZELL #296<br>    23150 Leonard Hall Dr.<br>    Leonardtown, MD 20650<br><br>    Defendant | * | |

COMPLAINT
AND ELECTION FOR TRIAL BY JURY

COMES NOW the Plaintiff, by and through counsel, and sues the Defendants, SHAWN CATHCART #168 (hereinafter, "CATHCART"), GLEN KNOTT #234 (hereinafter, "KNOTT"), RACHEL ROSZELL #296 (hereinafter, ROSZELL), and, for the plaintiff's cause and causes of action, says as follows:

JURISDICTION

1. The Circuit Court for St. Mary's County had jurisdiction over the causes of action against all defendants, under Courts and Judicial Proceedings Article, §6-103(b)(3), Md. Ann. Code, because all defendants caused tortious injury in this State by acts committed in this State;

2. The United States District Court for the District of Maryland has jurisdiction over this matter, as it has been removed, pursuant to 28 U.S.C. 1331, 1367, 1441, and 1446;

1

## VENUE

3. Venue is appropriate in this County, under Courts and Judicial Proceedings Article, §6-201(a), Md. Ann. Code, as the defendants CARTHCART, KNOTT, and ROSZELL were, at all relevant times, persons employed in ST. MARY'S COUNTY, MARYLAND;

## PARTIES

4. The plaintiff is a citizen of the United States and a resident of this county;

5. The defendants CATHCART, KNOTT, and ROSZELL were, at all relevant times, deputy sheriffs for ST. MARY'S COUNTY, MARYLAND;

## NOTICE

6. The plaintiff has complied with CJ10-304, as evidenced by a copy of the notice of claim attached hereto;

## FACTS COMMON TO ALL COUNTS

7. On or about 7 July 2014, the defendants CATHCART, KNOTT, and ROSZELL, acting as deputy sheriffs for St. Mary's County, Maryland, responded to a call for an open door, at 21680 N. Essex Drive, Lexington Park, MD 20653, the residence of the plaintiff;

8. That, then and there, the aforesaid defendants allowed a "K9 168", a canine, to enter the plaintiff's residence;

9. That, then and there, the defendant CATHCART and his canine, "K9 168", encountered the plaintiff, who was asleep next to the window on the second floor, at the top of the stairs, as the air conditioning had broken down;

10. That, then and there, the defendant CATHCART had a gun in one hand and the leash to his canine in the other, and the defendant CATHCART let the leash go, and the canine attacked the plaintiff;

11. The defendant CATHCART then got on top of the canine, and pushed the canine's head and jaws towards the plaintiff's face and neck;

12. That, then and there, the aforesaid defendants allowed the aforesaid canine to apprehend and bite the plaintiff in the face and neck;

13. As a proximate and foreseeable result of the defendants' conduct, the plaintiff suffered serious and painful physical and medical injuries, suffered severe physical and mental pain and suffering, was deprived of his liberty, and incurred and will in the future incur expenses for hospital and physician care;

## COUNT ONE
### (Detention without Reasonable Suspicion)
### (Maryland Constitutional Claim)

14. The plaintiff realleges, reaffirms, and incorporates herein, by reference thereto, all above allegations;

15. The apprehension of the plaintiff by defendants CATHCART, KNOTT, and ROSZELL, and "K9 168", a canine, constituted a seizure under Articles 24 and 26 of the Maryland Declaration of Rights;

16. The defendants CATHCART, KNOTT, and ROSZELL, and "K9 168", maliciously, and without legal justification, detained the plaintiff, without reasonable articulable suspicion to believe that he had committed any crime, in violation of the plaintiff's rights under Articles 24 and 26 of the Maryland Declaration of Rights;

17. As a direct, foreseeable, and proximate result of the deprivation of the plaintiff's rights under Articles 24 and 26 of the Maryland Declaration of Rights, the plaintiff sustained the injuries, alleged above;

WHEREFORE, the plaintiff demands judgment against the defendants CATHCART, KNOTT, and ROSZELL, and "K9 168", jointly and severally, in the amount of $10,000,000.00 in compensatory damages and punitive damages in the amount of $10,000,000.00, plus the costs of this suit, including reasonable attorneys' fees, as allowed by law.

## COUNT TWO
### (Excessive force)
### (Maryland Constitutional Claim)

18. The plaintiff realleges, reaffirms, and incorporates herein, by reference thereto, all above allegations;

19. The aforesaid and battery of the plaintiff by the defendants CATHCART, KNOTT, and ROSZELL, through "K9 168", constituted a seizure under Articles 24 and 26 of the Maryland Declaration of Rights;

20. The defendants CATHCART, KNOTT, and ROSZELL, through "K9 168", used unreasonable and excessive force in performing the aforesaid seizure of the plaintiff, violating the plaintiff's rights under Articles 24 and 26 of the Maryland Declaration of Rights;

21. The defendants CATHCART, KNOTT, and ROSZELL, through "K9 168", committed the acts alleged above with malice, hatred, and/or ill will, and without legal justification,

22. As a proximate and foreseeable cause of the aforesaid violation of the plaintiff's rights under the Maryland Declaration of Rights, the plaintiff sustained the injuries, alleged above;

WHEREFORE, the plaintiff demands judgment against defendant the defendant CATHCART, KNOTT, and ROSZELL, jointly and severally, in the amount of $10,000,000.00 compensatory damages and $10,000,000.00 punitive damages, plus the costs of this suit, including reasonable attorneys fees, as permitted by law.

## COUNT THREE
### (Arrest Without Probable Cause)
### (Maryland Constitutional Claim)

23. The plaintiff realleges, reaffirms, and incorporates herein, by reference thereto, all above allegations;

24. The apprehension of the plaintiff by defendants CATHCART, KNOTT, and ROSZELL, through "K9 168", constituted a seizure under Articles 24 and 26 of the Maryland Declaration of Rights;

25. The defendants CATHCART, KNOTT, and ROSZELL, and "K9 168", maliciously, and without legal justification, arrested the plaintiff, without probable cause to believe that he had committed any crime;

26. The aforesaid arrest without probable cause violated the plaintiff's rights under Articles 24 and 26 of the Maryland Declaration of Rights;

27. As a direct, foreseeable, and proximate result of the aforesaid deprivation of the plaintiff's rights under Articles 24 and 26 of the Maryland Declaration of Rights, the plaintiff sustained the injuries, alleged above;

WHEREFORE, the plaintiff demands judgment against CATHCART, KNOTT, and ROSZELL, jointly and severally, in the amount of $10,000,000.00 in compensatory damages and punitive damages in the amount of $10,000,000.00, plus the costs of this suit, including reasonable attorneys' fees, as allowed by law.

## COUNT FOUR
### (Battery)

28. The plaintiff realleges, reaffirms, and incorporates herein, by reference thereto, all above allegations;

29. The aforesaid attack, seizure, apprehension, biting, and beatings, by defendants CATHCART, KNOTT, and ROSZELL, through "K9 168", were harmful and/or offensive intentional touchings of the plaintiff, without the plaintiff' consent, caused the plaintiff physical pain and/or injury or illness, and offended the plaintiff's reasonable sense of personal dignity;

30. The aforesaid attack, seizure, apprehension, biting, and beatings, were performed with malice toward the plaintiff, with intent to inflict injuries, with improper motivations, and/or with ill will;

31. As a proximate and foreseeable result of the aforesaid batteries, the plaintiff sustained the injuries, alleged above;

WHEREFORE, the plaintiff demands judgment against defendants CATHCART, KNOTT, and ROSZELL, jointly and severally, in the amount of $10,000,000.00 compensatory damages and $10,000,000.00 punitive damages, plus the costs of this suit, including reasonable attorneys fees, as permitted by law.

## COUNT FIVE
(Malicious Prosecution)

32. The plaintiff realleges, reaffirms, and incorporates the herein, by reference thereto, all above allegations;

33. On the aforesaid date and time, defendants CATHCART, KNOTT, and ROSZELL, initiated a criminal proceeding, docketed as State v. SAVAGE, CR 6Q00058764, in the District Court of Maryland for ST. MARY'S County;

34. KNOTT and ROSZELL initiated the aforesaid criminal cases with malice and without probable cause, against the plaintiff;

35. CATHCART, KNOTT, and ROSZELL falsely accused the plaintiff of burglary in the fourth degree;

36. CATHCART, KNOTT, and ROSZELL, commenced the aforesaid criminal cases with the purpose of covering up their own torts against the plaintiff, a purpose other than bringing an offender to justice;

37. On or about the 18th of December, 2014, the aforesaid criminal proceedings terminated in favor of the plaintiff, when the plaintiff was acquitted;

38. As a proximate and foreseeable result of the aforesaid malicious prosecution, the plaintiff sustained the injuries, alleged above;

WHEREFORE, the plaintiff demands judgment against CATHCART, KNOTT, and ROSZELL78, jointly and severally, in the amount of $10,000,000.00 compensatory damages and $10,000,000.00 punitive damages, plus the costs of this suit, including reasonable attorneys fees, as permitted by law.

## COUNT SIX [SEVEN]
(Negligence)

39. The plaintiff realleges, reaffirms, and incorporates herein, by reference thereto, all above allegations;

40. The defendants CATHCART, KNOTT, and ROSZELL, owed the plaintiff a duty to restrain the aforesaid canine, to prevent him from biting the plaintiff;

41. The defendants ARMSTRONG and BEHM breached the aforesaid duty, by carelessly, negligently, and/or with gross negligence, permitting the aforesaid canine to roam free, without restraint, throughout the plaintiff's residence, and to freely bit the plaintiff;

42. As a proximate and foreseeable result of the aforesaid negligence, and/or gross negligence, the plaintiff sustained the injuries, alleged above;

WHEREFORE, the plaintiff demands judgment against CATHCART, KNOTT, and ROSZELL, jointly and severally, in the amount of $10,000,000.00 compensatory damages and $10,000,000.00 punitive damages, plus the costs of this suit, including reasonable attorneys fees, as permitted by law.

## COUNT SEVEN
### (Arrest Without Probable Cause)
### (42 U.S.C. 1983)

43. The plaintiff realleges, reaffirms, and incorporates herein, by reference thereto, all above allegations;

44. The plaintiff was seized, detained, and/or arrested, without reasonable suspicion or probable cause, by defendants KNOTT and ROSZELL;

45. The apprehension of the plaintiff by defendants KNOTT and ROSZELL, constituted a seizure under the Fourth Amendment to the United States Constitution;

46. The defendants KNOTT and ROSZELL, maliciously, and without legal justification, arrested the plaintiff, without probable cause to believe that he had committed any crime;

47. The aforesaid arrest without probable cause violated the plaintiff's rights under the Fourth Amendment to the United States Constitution;

48. As a direct, foreseeable, and proximate result of the deprivation of the plaintiff's rights under the Fourth Amendment to the United States Constitution, the plaintiff sustained the injuries, alleged above;

WHEREFORE, the plaintiff demands judgment against defendants KNOTT and ROSZELL, jointly and severally, in the amount of $10,000,000.00 in compensatory damages and punitive damages in the amount of $10,000,000.00, plus the costs of this suit, including reasonable attorneys' fees, as allowed by law.

## COUNT EIGHT
### (42 U.S.C. 1983)
### (Excessive Force)

49. The plaintiff realleges, reaffirms, and incorporates herein by reference thereto, all of the above allegations;

50. The apprehension of the plaintiff by defendants CATHCART, KNOTT, and ROSZELL, constituted a seizure under the Fourth Amendment of the United States Constitution;

51. The defendants CATHCART, KNOTT, and ROSZELL, maliciously, and without legal justification, under color of Maryland State law, the plaintiff was seized, detained, and/or arrested, without reasonable suspicion or probable cause, bitten and beaten about the face, body, and limbs, assaulted, and/or battered, depriving him of his rights under the Fourth Amendment of the Constitution of the United States, to be free from unreasonable seizures, including excessive force;

52. The aforesaid attack, seizure, apprehension, bitings, and beatings, were harmful and/or offensive intentional touchings of the plaintiff, without the plaintiff' consent, caused the plaintiff physical pain and/or injury or illness, and offended the plaintiff's reasonable sense of personal dignity;

53. As a direct, foreseeable, and proximate result of the deprivation of the plaintiff's rights under the Fourth Amendment, the plaintiff sustained the injuries, alleged above;

54. The aforesaid mauling, attack, seizure, apprehension, and beatings, were performed with malice toward the plaintiff, with intent to inflict injuries, with improper motivations, and/or with ill will;

55. As a proximate and foreseeable result of the aforesaid excessive force, the plaintiff sustained the injuries, alleged above;

WHEREFORE, the plaintiff demands judgment against the defendants CATHCART, KNOTT, and ROSZELL, in the amount of $10,000,000.00 in compensatory damages and punitive damages in the amount of $10,000,000.00, plus the costs of this suit, including reasonable attorneys' fees, as allowed by law.

    by:    _____/s/_____
GEORGE HARPER FBN 01781
Attorney for the Plaintiff
14744 Main Street, Suite 101
Upper Marlboro, Maryland 20772
(301) 627-2700

ELECTION FOR TRIAL BY JURY

COMES NOW the Plaintiff, by and through counsel, GEORGE HARPER, and elects to have all issues herein tried before a jury.

    by:    _____/s/_____
GEORGE HARPER

CERTIFICATE OF SERVICE

I hereby certify that a copy of the aforegoing pleading was emailed this 24th day of July 2018 unto Daniel Karp, Esq., Suite 1250 120 East Baltimore Street, Baltimore, MD 21202.

_____/s/_____
GEORGE HARPER